# NO. 12-23-00251-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JODY LEE BATES-EMMONS, A/K/A JODY HARRIS LILLY, APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Jody Lee Bates-Emmons, appeals her sentence for assault on a public servant. In one issue, she alleges that her sentence is grossly disproportionate to the crime committed and constitutes cruel and unusual punishment. We affirm.

## BACKGROUND

On or about November 8, 2019, Appellant pleaded "guilty" to the offense of assault on a public servant and was placed on deferred adjudication community supervision for a period of six years. On December 2, 2022, the State moved to proceed with adjudication of guilt based upon Appellant's multiple violations of the terms of her community supervision, including failure to report to her community supervision officer. On January 19, 2023, the State amended its motion to add additional violations, including Appellant's arrest for the offense of possession of a controlled substance. Appellant agreed to plead "true" to the State's allegations and accept a sentence of four years' imprisonment, with the condition that if she did not appear for sentencing, the full range of punishment would remain available. Appellant did not appear at the scheduled sentencing hearing, which was reset for a later date; she then did not appear for the reset sentencing hearing. Appellant ultimately appeared before the trial court on September 18, and the sentencing hearing proceeded.

Appellant testified that she missed the first court date because she was at the hospital with her husband, who suffers from respiratory and cardiac illness, and she was his sole caregiver. She missed the second court date because her mother's cremated remains had been located (Appellant's testimony implied they had been missing) and she felt she needed to retrieve them immediately. Davy Rogers Emmons, Appellant's husband, testified that Appellant was his primary caregiver, but she would occasionally leave for about thirty days at a time to search for her mother's remains. He further stated that his family members assisted with his care. Finally, William Emmons, Appellant's brother-in-law, testified that he and his sister were in fact the primary caregivers for Davy Rogers Emmons, and that Appellant was largely uninvolved.

At the conclusion of the hearing, the trial court imposed a sentence of ten years' imprisonment. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In her sole issue, Appellant argues that her sentence of ten years' imprisonment amounts to cruel and unusual punishment under the United States Constitution and the Texas Constitution. Appellant contends that her sentence is grossly disproportionate to her conduct in committing the offense and that the court should have imposed a shorter sentence.

Before a complaint may be presented for appellate review, the record must show that Appellant raised the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). A complaint that a sentence is grossly disproportionate and constitutes cruel and unusual punishment may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Kim*, 283 S.W.3d at 475. In this case, the record does not show that Appellant objected when sentence was imposed at the sentencing hearing, and she does not assert that she lacked an opportunity to raise such an objection. Therefore, it appears that Appellant did not properly preserve error on this issue. However, assuming *arguendo* that Appellant did preserve this complaint for appellate review, we cannot grant her relief because her sentence does not constitute cruel and unusual punishment.

The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the

Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant pleaded "guilty" to and was convicted of assault on a public servant, a third-degree felony with a punishment range from two to ten years of imprisonment. TEX. PENAL CODE ANN. § 22.01(b)(1), 12.34 (West 2023). Thus, the ten-year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges this Court to consider the factors originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.[1] *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.

---

[1] In her brief, Appellant makes a conclusory statement that her sentence is grossly disproportionate "in terms of other assault on a peace officer cases," stating that "other much more serious assault on peace officer convictions resulted in significantly less harsh sentences than Appellant received." However, she cites to no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities...").

1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* **Jackson v. State**, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in **Rummel v. Estelle** in making the threshold determination of whether Appellant's sentence is grossly disproportionate to her crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed. 2d 382 (1980). In **Rummel**, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense Appellant committed—assault on a public servant—is significantly more serious than the combination of offenses committed by the appellant in **Rummel**, while Appellant's sentence is much less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** is not unconstitutionally disproportionate, neither is Appellant's sentence in this case. Because we do not find that the threshold test is satisfied, we need not apply the remaining elements of the **Solem** test. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00251-CR**

**JODY LEE BATES-EMMONS, A/K/A JODY HARRIS LILLY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 18CR-226)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*